AMERICAN SURETY COMPANY OF NEW YORK, Respondent, *v.* WELLS WATER DISTRICT, TOWN OF WELLS and Others, Appellants, Impleaded with JOHN P. DUGAN & CO., INC., and Others, Defendants.

CHARLES B. HANLEY and OSWALD C. BATES, Plaintiffs, *v.* JOHN P. DUGAN & CO., INC., and Others, Defendants, Impleaded with WELLS WATER DISTRICT, TOWN OF WELLS, and Others, Appellants, and AMERICAN SURETY COMPANY OF NEW YORK, Respondent.

Third Department, December 29, 1937.

*George N. Ostrander*, for Wells Water District and Town of Wells.

*Allen H. Pulsifer*, for Claude C. Donahue, Inc., National Welding Co., and E. B. Kelley Co., Inc.

*Donald F. Boyle*, for East End Coal Company.

*Sydney G. Rosenthal*, for Cling Gear Grease Company.

*James L. Doyle, Jr.*, and *Lewis M. Mullarkey*, for Michael J. Devine.

*Ernest L. Boothby*, for Wallace & Tiernan Co., Inc., appellant.

*Alfred D. Dennison* of counsel, for the aforesaid appellants.

*Charles E. Hardies*, for the appellants, Amsterdam City National Bank, Agnes Dugan and Sager-Spuck Supply Co.

*Andros, Wood, Stutz & Rider* [*Douglas S. Rider* of counsel], for the appellant Thomas F. Monaghan & Son.

*Nelson W. Dunham* [*Douglas S. Rider* of counsel], for the appellant William H. Fry, Inc.

*Wood, Wood & Wood* [*Edward S. Wood* of counsel], for the appellant Morrell Vrooman, Inc.

*Rosendale & Dugan* [*P. C. Dugan* of counsel], for the respondent.

RHODES, J. The facts found by the referee are accepted by all parties; the questions presented relate to his legal conclusions as applied to the facts.

The principal question is whether the plaintiff surety company is liable under its bond for the payment of all outstanding claims of laborers and materialmen in connection with the construction of a water supply system of the Wells Water District, town of Wells.

The plaintiff surety company having given its bond in connection with the construction contract, brought an action setting forth

that there were outstanding and unpaid claims, demanded that the validity of such claims be determined, and asked an adjudication as to its liability under its bond. Thereupon the copartnership of Hanley & Bates, known as the Adirondack Lumber Co., materialmen, brought an action for the enforcement of their lien, bringing in the various other claimants. These actions have been consolidated and it is the judgment in those actions which is now before us.

On August 27, 1934, the Wells Water District, by the town board of the town of Wells, entered into a contract with defendant John P. Dugan & Co., Inc., for the construction of a water supply system, which system was completed and later accepted by resolution of the town board March 2, 1936. The total amount payable by the water district under the contract is $68,933.79. There has been paid to the contractor by the water district $54,792.71, and there is now a balance due and unpaid thereon of $14,141.08.

Liens were filed for labor and material aggregating $9,187.54, which the referee held to be valid and payable out of the balance due under the construction contract. There were other claims for labor and material for which no liens were filed, aggregating $4,588.54, for which judgment was directed on a *pro rata* basis, payable out of the balance of the fund of $14,141.08, after the payment therefrom of the valid liens, with judgment against the contractors for any deficiency. There were other claims for labor and material which the referee held were not within the meaning of the bond or the Lien Law. These latter claims aggregate $5,977.66.

Early in the work there became due for payroll $708.95, and there were also outstanding bills for lumber amounting to $2,249.69; there was an estimate check due for work performed upon the improvement which the water district and town and Public Works Administration refused to pay until the payroll and balance for materials were paid, and the officials of the district and town requested the defendant Amsterdam City National Bank to advance these moneys and promised in return to pay to the bank the estimate check in accordance with a written instrument signed by the contractor under date of May 9, 1935, authorizing the water district and town to pay to the bank " all moneys heretofore earned or which may hereafter be earned by the contractor and all moneys which are now due or which may hereafter become due to the contractor under and by virtue of " the construction contract. The bank advanced the amount of the payroll and the outstanding bills for materials, but the officials of the town and of the district

did not pay the estimate check to the bank. Upon payment of these bills by the bank, the accounts were assigned to it. The referee held that these claims for labor and material belonged to the bank by virtue of its assignment and that it was entitled to share *pro rata* in the balance of the fund in the hands of the town after the payment of the liens filed and established.

Counsel for the bank maintained that it is entitled to a lien and priority of payment out of the fund remaining, ahead of all other claimants, by virtue of the instrument signed by the contractor May 9, 1935, authorizing the payment to the bank, and the disbursement by it of moneys coming due to the contractor under its contract. It is claimed for the bank that this instrument constituted an assignment under subdivision 1 of section 25 of the Lien Law; that, as there were no liens filed at the time of the making of such instrument and the payment by the bank, it is entitled to priority of payment for all moneys advanced by virtue thereof.

The difficulty is that the instrument in question does not constitute an assignment either by its terms or meaning; it simply authorizes the bank to act as agent for the contractor. However, in view of the conclusions hereinafter stated, no injury to the bank is to be apprehended.

At the trial certain claimants failed to make proof and their claims were disallowed.

The referee held that the claimants not permitted to share in the fund in the hands of the town officials were entitled to judgment against the contractor, but that " no recovery can be had herein by any party to these actions against the American Surety Company of New York on its said bond."

This recital of facts, perhaps too extended and detailed, brings us to a consideration of the bond. It recites that the contractor, described as principal, and the surety company, described as surety, " are held and firmly bound unto Wells Water District," described as the owner, in the sum of $66,896, for the payment whereof the principal and surety bind themselves jointly and severally. The bond then refers to the construction contract and recites:

" Now, therefore, the Condition of this Obligation is such that if the Principal shall faithfully perform the Contract on its part, and satisfy all claims and demands, incurred for the same, and shall fully indemnify and save harmless the Owner from all cost and damage which it may suffer by reason of failure so to do, and shall fully reimburse and repay the Owner all outlay and expense

which the Owner may incur in making good any such default, and shall pay all persons who have contracts directly with the Principal for labor or materials, then this obligation shall be null and void; otherwise it shall remain in full force and effect.

"All persons who have performed labor or rendered services, and all persons, firms or corporations, including subcontractors, furnishing materials or services, in or about said contract, shall have direct right of action against the principal and surety on this bond. * * * Insofar as permitted by the laws of such State, such right of action shall be asserted in a proceeding instituted in the name of the Obligee to the use and benefit of the person instituting such action and of all other persons having claims hereunder, and any other person having a claim hereunder shall have the right to be made a party to such proceeding * * * and to have such claim adjudicated in such action and judgment rendered thereon."

The case of *McClare* v. *Mass. Bonding & Ins. Co.* (266 N. Y. 371) seems determinative of the questions here presented. It was there held that ambiguities in a surety bond were to be resolved in favor of those protected thereby; that such a bond, even though not required by statute, which had been given for the benefit of a class of creditors of the principal, could be sued upon by a creditor. (See, also, *Smyth* v. *City of New York*, 203 N. Y. 106.)

Under the authority of these cases we think the surety herein is liable to all the claimants furnishing labor or materials in connection with the construction contract, whose claims were proven.

The judgment in so far as it denies relief to such claimants against the surety company, should be reversed and judgment granted against the surety company in favor of all claimants whose claims have been established, with costs to all appellants filing briefs.

HILL, P. J., McNAMEE, CRAPSER and HEFFERNAN, JJ., concur.

Judgment reversed on the law, and judgment granted against the surety company in favor of all claimants whose claims have been established, with costs to all appellants filing briefs.