In the Matter of the Claim of JOSEPHINE KHVEDCHINIA, Appellant, against THE GREENWOOD CEMETERY, Respondent. STATE INDUSTRIAL BOARD, Respondent.— Appeal from a decision of the State Industrial Board filed December 28, 1936, denying an award in a death claim. The claimant seeks compensation as the widow of the decedent. The evidence justified the State Industrial Board in holding that the claimant entered into a common-law marriage in 1914 with George Chepelewitz; that during the life of the latter and while he was still her husband at common law she assumed to marry Stephen Khvedchinia, the deceased employee; and that there was no adequate proof that the common-law marriage had been dissolved when the second marriage ceremony was performed. Decision unanimously affirmed. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

In the Matter of the Claim of A. FRANCESCHETTI, Respondent, against SOLVAY PROCESS COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Claimant sustained an injury to his left eye which resulted in its complete loss of vision. His right eye was not injured in the original accident, but subsequently, due to sympathetic opthalmia, it became infected and a total loss of vision was the result. The sole question presented to us for review was whether claimant unreasonably refused to permit the removal of his left eye after the accident. The State Industrial Board has found that his refusal to submit to an operation for the enucleation of his left eye was not unreasonable. Claimant testified that his attending physician did not advise him to have it removed. There was medical testimony that this physician told claimant that his left eye would " come pretty good " and that he would be able to see a little out of it. There was also medical evidence that it could not be stated definitely that the removal of the left eye would have prevented the infection of the right eye. These portions of the proof, together with other facts in the record, amply sustain the finding of the State Industrial Board. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

AMERICAN SURETY COMPANY OF NEW YORK, Respondent, v. WELLS WATER DISTRICT, TOWN OF WELLS, and Others, Appellants. CHARLES B. HANLEY and OSWALD C. BATES, Plaintiffs, v. JOHN P. DUGAN & Co., INC., and Others, Defendants, Appellants. AMERICAN SURETY COMPANY of New York, Respondent.— Motion to amend decision handed down December 29, 1937 [253 App. Div. 19], granted, and decision is amended to read as follows: Each party or group of parties appellant appearing by separate counsel, who under the decision of this court, recovers judgment, shall receive costs in the action in the court below. The judgment granted by the court below in favor of the plaintiff having been reversed, costs in the court below in its favor are disallowed. The court restates the ruling made on the bench that costs of the appeal are granted to each appellant or group of appellants filing a brief; if more than one party joining in one brief, but one bill of costs on appeal is granted. The form of the order may be settled May 9, 1938, at ten o'clock in the forenoon. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.