■ NEO-RAY PRODUCTS, INC. Appellant-Respondent, v BORO ELECTRIC INSTALLATION, INC., et al., Respondents-Appellants.—Order, Supreme Court, New York County, entered October 6, 1977, which denied plaintiff's motion and defendants' cross motion for summary judgment, unanimously modified, on the law, to the extent of granting defendants' cross motion for summary judgment dismissing the complaint, and otherwise affirmed, with $75 costs and disbursements of this appeal to the defendants. Boro Electric Installation, Inc. (Boro), an electrical contractor, entered into an agreement with the City of New York to perform electrical work in the construction of a police station house and firehouse. Boro, as principal, executed a wage and material-payment bond with the Insurance Company of North America and American Reinsurance Company, as sureties, which provided, *inter alia,* that the principal would pay all lawful claims for materials and supplies used by the principal or any subcontractor. Beaux Arts Lighting Company (Beaux Arts) provided lighting equipment and other materials to Boro. Beaux Arts in turn had purchased these materials from Neo-Ray Products, Inc. (Neo-Ray). Beaux Arts was paid for its materials by Boro. Neo-Ray, Beaux Arts' supplier with no direct nexus to Boro, now seeks to recover money under Boro's payment bond. Special Term held that the granting of summary judgment to either plaintiff or defendants was precluded by the existence of a question of fact whether Beaux Arts was a subcontractor. We would modify the order of Special Term to the extent of granting summary judgment to the defendants. The language of the payment bond provided for satisfying only those claims made against the principal (Boro) or a subcontractor which remained unpaid. A subcontractor is defined as one who assumes performance of part of a contract by providing labor or other services and not by merely furnishing materials *(Dorn v Johnson Corp.,* 16 AD2d 1009, 1010; *A. & J. Buyers v Johnson, Drake & Piper,* 25 NY2d 265, 271). Beaux Arts received purchase orders from Boro for material and it in turn delivered those materials which were unloaded by Boro's employees. Beaux Arts was therefore a materialman, not having supplied labor or other services, and no question of fact in that regard remains for resolution. Neo-Ray, the plaintiff in this action, was a materialman of Beaux Arts. Its claim

lay against Beaux Arts and not Boro, with which it had no nexus. Since Beaux Arts was a materialman, it would follow that Neo-Ray's claim, not being against a contractor or subcontractor, is not covered by the payment bond. Boro and its sureties were therefore entitled to summary judgment in their favor. Concur—Birns, J. P., Silverman, Evans, Fein and Lane, JJ.