■ GERNATT ASPHALT PRODUCTS, INC., Appellant-Respondent, v BENSAL CONSTRUCTION, INC., Defendant; ERIE COUNTY FINANCE DEPARTMENT et al., Respondents, and AETNA CASUALTY AND SURETY COMPANY et al., Respondents-Appellants. R. P. MYERS, INC., et al., Third-Party and Interpleader Plaintiffs-Respondents-Appellants, v ROBERT SMOLINSKI et al., Third-Party and Interpleader Defendants-Respondents-Appellants, and UNITED STATES OF AMERICA, Third-Party and Interpleader Defendant-Respondent. — Order modified and, as modified, affirmed, without costs, in accordance with the following memorandum: We find that Bensal Construction, Inc. (Bensal) under its contract (to furnish stone and gravel for public improvement projects for the County of Erie and the Southtowns Sewage Treatment Agency) with R. P. Myers, Inc. (Myers), the general contractor, was a materialman and not a contractor or a subcontractor (see A & J Buyers v Johnson, Drake & Piper, 25 NY2d 265). Therefore, because plaintiff (which supplied stone and gravel to Bensal) and interpleaded defendants (who performed labor and services for Bensal) were not persons "performing labor for or furnishing materials to a contractor, his subcontractor or legal representative, for the construction or demolition of a public improvement" (Lien Law, § 5), they have no rights as lienors. Nor do plaintiff and interpleaded defendants have valid claims against Aetna Casualty and Surety Company (Aetna) under its payment bonds covering the general contractor as principal, because as persons furnishing materials or performing labor for a party having the status of a materialman (not contractor or subcontractor), they have no nexus with or claim against the general contractor (see Neo-Ray Prods. v Boro Elec. Installation, 65 AD2d 687, affd for reasons stated at App Div 48 NY2d 781). There is no significant difference between the payment bonds issued by Aetna and the bond in Neo-Ray. Each bond covers lawful claims for materials furnished, used or consumed and labor performed in the prosecution of the work. We hold, therefore, that summary judgment should have been granted dismissing the claims of plaintiff and interpleaded defendants based on the liens and the payment bonds against Myers and Aetna. Myers' claim of willful exaggeration under sections 39 and 39-a of the Lien Law is without merit. Inasmuch as Bensal was a materialman and not a contractor or a subcontractor, there is no impediment to the enforcement of the United States Government tax lien against the $9,261.38 held by Myers and admittedly owed to Bensal. Plaintiff and interpleaded defendants have no claim against this sum as trust funds under the Lien Law (§ 70, subds 1, 2; § 71, subd 2, par [a]). Accordingly, summary judgment is granted to Myers and Aetna dismissing plaintiff's complaint and the counterclaims of the interpleaded defendants. Myers' motion to be discharged as stakeholder and permitting it to pay the $9,261.38 into court pursuant to CPLR 1006 (subd [f]) is granted. All concur, except Doerr and Denman, JJ., who dissent, in part, in the following memorandum.

Doerr and Denman, JJ. (dissenting). We disagree with the majority insofar as they would deny plaintiffs and third-party and interpleaded defendants the right to recover under the payment bond issued to Myers by Aetna Casualty

and Surety Company. The payment bond guarantees payment of all "lawful" claims "of the subcontractors, materialmen, laborers, persons, firms or corporations for labor performed or materials, provisions * * * used or consumed in the carrying forward, performing or completing of said [c]ontract". We do not view this broad language as limiting protection under the payment bond to those who have some direct relationship with the general contractor or to a subcontractor. Nor can we agree with the finding by the majority that "[t]here is no significant difference between the payment bonds issued by Aetna and the bond in *Neo-Ray*" (*Neo-Ray Prods. v Boro Elec. Installation,* 65 AD2d 687, affd 48 NY2d 781). The bond in *Neo-Ray,* provided for payment of all lawful claims for materials and supplies, etc., *"used or consumed by said principal or any subcontractor"* (emphasis supplied). Indeed, the court in *Neo-Ray* observed, "[t]he language of the payment bond provided for satisfying only those claims made against the principal (Boro) or a subcontractor which remained unpaid" (*Neo-Ray Prods. v Boro Elec. Installations, supra*). Under the bond issued by Aetna, we would find the surety liable to all claimants furnishing labor or materials in connection with the construction whose claims are provable and unpaid (see *American Sur. Co. of N. Y. v Wells Water Dist., Town of Wells,* 253 App Div 19, 23, mod on other grounds 254 App Div 717, affd 280 NY 528). Aetna's policy arguments that it will be required to pay twice for the same material are not persuasive; the surety can limit its own liability by writing the bond in a clear fashion, expressly limiting coverage to those who furnish materials directly to contractors or subcontractors. (Appeals from order of Supreme Court, Erie County, Green, J. — summary judgment.) Present — Hancock, Jr., J. P., Doerr, Denman, Boomer and Schnepp, JJ.