█ DAVIS WALLBRIDGE, INC., Respondent, v AETNA CASUALTY AND SURETY COMPANY, Appellant. — Order unanimously affirmed, with costs. Memorandum: In September, 1980 plaintiff, for the agreed price of $15,000, constructed the binder course for several roads in a tract being developed by Caciga Realty Corp. (Caciga). Caciga gave its note to plaintiff for $15,000, payable in June, 1981, at which time Caciga paid plaintiff $2,500 and gave plaintiff a new note for $12,500. ¶ On January 5, 1981, Caciga entered into a contract with the Town of Onondaga under which the town agreed to accept title to the road prior to their completion, provided Caciga obtained a performance bond, guaranteeing construction, in the penal amount of $30,000. The contract further provided that certificates of occupancy would not be issued for any homes until completion of the binder course, that Caciga would complete the roads within one year after the issuance of the certificate of completion of the binder course, and that Caciga would maintain the roads for one year after final completion. ¶ The bond which Caciga obtained from defendant Aetna Casualty and Surety Company (Aetna) is a payment bond, not a performance bond, and is dated December 29, 1980. It names Caciga as principal and the Town of Onondaga as owner; it makes reference to the Caciga-Town of Onondaga contract; and it proscribes suit against the surety unless brought "within two years after completion of the work mentioned in said contract". Caciga failed to complete the roads and the Town of Onondaga completed their construction in November, 1982. ¶ On January 31, 1983 plaintiff commenced this action seeking recovery under the bond for the balance of $12,500 due from Caciga. Defendant moved under CPLR 3211 to dismiss for failure to state a cause of action, and plaintiff cross-moved for summary judgment. Neither at Special Term nor in this court has defendant argued that plaintiff's cross motion is premature because issue has not been joined, and we treat the motion as one converted under CPLR 3211 (subd [c]). Special Term granted

summary judgment to plaintiff, and defendant appeals. We affirm. ¶ We first observe that although defendant claims that it mistakenly issued a payment bond rather than a performance bond and that the bond was not intended to benefit plaintiff, it makes no claim that the bond should be reformed and wholly fails to establish the essentials of a reformation (see, e.g., *Benderson Dev. Co. v Schwab Bros. Trucking,* 64 AD2d 447). ¶ The beneficiaries of a payment bond generally are subcontractors, or persons supplying material or labor to subcontractors or to the general contractor, but in all events, it is the language employed in the bond which determines the beneficiaries (see *Gernatt Asphalt Prods. v Bensal Constr.,* 90 AD2d 993, mod 60 NY2d 871; *Neo-Ray Prods. v Boro Elec. Installation,* 65 AD2d 687, affd on opn below 48 NY2d 781). "A compensated, corporate surety * * * is not a favorite of the law and its contract of suretyship will be construed in a manner most favorable to a claimant (see Simpson, Suretyship, § 30)." (*Timberline Elec. Supply Corp. v Insurance Co. of North Amer.,* 72 AD2d 905, 906, affd 52 NY2d 793). Here the bond states that the surety is bound unto the owner "and to all persons who furnish labor or material directly to the Principal for use in the prosecution of the work" under the contract between Caciga and the Town of Onondaga. Neither the latter contract nor the bond excluded work which had already been performed and thus the bond unambiguously is for the benefit of plaintiff. ¶ Nor is there any merit to defendant's argument that plaintiff's action is barred by the contractual limitation because plaintiff had completed its work more than two years before it commenced suit. The two-year limitation contained in the bond runs from completion of the work mentioned in the contract between Caciga and the Town of Onondaga. That contract called for final completion of the roads, and since plaintiff's action was brought within two years of final completion of the roads, it is timely (cf. *Timberline Elec. Supply Corp. v Insurance Co. of North Amer., supra*). ¶ We have reviewed defendant's other contentions and find them to be without merit. (Appeal from order of Supreme Court, Onondaga County, Inglehart, J. — summary judgment.) Present — Dillon, P. J., Doerr, Boomer, Green and O'Donnell, JJ.