■ BETHLEHEM STEEL CORPORATION, Respondent, v UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendant. IDA M. ALEKNA et al., Intervenors-Appellants. (Appeal No. 1.) [598 NYS2d 873] —Order unanimously affirmed with costs. Memorandum: Defendants Alekna and Holland, as intervenors, appeal from two orders of Supreme Court. The first granted the motion of plaintiff Bethlehem Steel Corporation (Bethlehem) for summary judgment against defendant United States Fidelity and Guaranty Company (USF&G), a nonappealing party, on Bethlehem's claim to recover on a labor and material payment bond issued by USF&G. Intervenors additionally

appeal from a subsequent order that, although granting them leave to intervene, denied their motion to renew the prior summary judgment motion. Intervenors contend that Bethlehem was improperly granted summary judgment against USF&G. They contend that USF&G's responsibility to indemnify Bethlehem under the bond was never triggered because the steel supplied by Bethlehem to the defaulting subcontractor was never used in the project. Intervenors further argue that Bethlehem is not entitled to payment under the bond because Bethlehem failed to mitigate its damages by repossessing the steel from the defaulting subcontractor.

Because the intervenors failed to demonstrate the existence of material new facts, the court did not abuse its discretion in denying the motion to renew. Further, the court properly granted Bethlehem summary judgment on the bond. Under the straightforward language of the bond (see, Davis Wallbridge, Inc. v Aetna Cas. & Sur. Co., 103 AD2d 1010, 1011; Timberline Elec. Supply Corp. v Insurance Co., 72 AD2d 905, 906, affd for reasons stated 52 NY2d 793), a supplier-claimant such as Bethlehem is entitled to indemnification from USF&G provided that it had supplied "material used or reasonably required for use in the performance of" the prime construction contract (emphasis supplied). Here, there is no question that the structural steel shipped by Bethlehem to the defaulting subcontractor was "reasonably required for use" in the project. Nor is there any requirement or condition in the bond relating to the supplier's pursuit of other remedies, including repossession, against the subcontractor. (Appeal from Order of Supreme Court, Cayuga County, Corning, J.—Summary Judgment.) Present—Denman, P. J., Green, Balio, Fallon and Davis, JJ.