■ JOHNSON CITY CENTRAL SCHOOL DISTRICT, Appellant, v FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Respondent, et al., Defendants. [641 NYS2d 426] —Mercure, J. Appeals (1) from an order of the Supreme Court (Coutant, J.), entered July 21, 1995 in Broome County, which, *inter alia*, granted defendant Fidelity and Deposit Company of Maryland's motion to dismiss the complaint against it, and (2) from the judgment entered thereon.

Plaintiff, as owner, and defendant Daniel J. Lynch, Inc. (hereinafter Lynch), as contractor, entered into an April 10, 1990 contract for the construction of vehicle maintenance and storage facilities on East Maine Road in the Village of Johnson City, Broome County. On April 16, 1990, defendant Fidelity and Deposit Company of Maryland issued a performance bond ensuring Lynch's prompt and faithful performance under its contract with plaintiff. Alleging, among other things, the Feb-

ruary 1994 collapse of two of the buildings constructed by Lynch, on January 12, 1995 plaintiff commenced this action to recover for damages resulting from Lynch's allegedly poor workmanship in connection with the project. As against Fidelity, the complaint sets forth causes of action on Fidelity's performance bond arising out of Lynch's asserted breach of its contract with plaintiff (first cause of action) and sounding in negligence (third cause of action).

Following joinder of issue, Fidelity moved to dismiss the first cause of action on the basis of documentary evidence and as barred by the two-year limitations period set forth in Fidelity's performance bond and the negligence claim for failure to state a cause of action. Supreme Court granted both branches of Fidelity's motion and dismissed the complaint against it. Supreme Court also denied plaintiff's cross motion to amend the complaint by repleading the third cause of action so as to replace the allegation of Fidelity's negligence with one charging Fidelity's liability under its performance bond as the result of Lynch's negligence in the performance of its work. Plaintiff appeals.

Our initial inquiry centers on the question of whether plaintiff's first cause of action against Fidelity is barred by the provision of Fidelity's performance bond that "[a]ny suit under this bond must be instituted before the expiration of two (2) years from *the date on which final payment under the contract falls due*" (emphasis supplied). The parties are in agreement as to the contract provisions that control on the issue. Their dispute centers on the construction to be give those provisions in determining the actual date on which the final payment under the contract "fell due".

Article 6 of the parties' April 10, 1990 contract (AIA Document A101, Standard Form of Agreement Between Owner and Contractor [1987 ed]) provides: "Final payment, constituting the entire unpaid balance of the Contract Sum, shall be made by [plaintiff] to [Lynch] when (1) the Contract has been fully performed by [Lynch] * * * and (2) a final Certificate for Payment has been issued by the Architect; *such final payment shall be made by [plaintiff] not more than 30 days after the issuance of the Architect's final Certificate for Payment*" (emphasis supplied).

Subparagraph 9.10.1 of the general conditions (AIA Document A201, General Conditions of Contract for Construction [1987 ed]), incorporated by reference in the parties' contract, states: "Upon receipt of written notice that the Work is ready for final inspection and acceptance and upon receipt of a final

Application for Payment, the Architect will promptly make such inspection and, when the Architect finds the Work acceptable under the Contract Documents and the Contract fully performed, the Architect will promptly issue a final Certificate for Payment stating that to the best of the Architect's knowledge, information and belief, and on the basis of the Architect's observations and inspections, the Work has been completed in accordance with terms and conditions of the Contract Documents and that *the entire balance found to be due the Contractor and noted in said final Certificate is due and payable.* The Architect's final Certificate for Payment will constitute a further representation that conditions listed in Subparagraph 9.10.2 as precedent to the Contractor's being entitled to final payment have been fulfilled" (emphasis supplied).

It is undisputed that the subject buildings were completed and the architect's final certificate for payment issued on December 21, 1992. Thus, there commenced on that date a 30-day period during which plaintiff could make timely payment of its obligation to Lynch. Fidelity's position is that, because Lynch became entitled to payment of the entire balance of the contract on December 21, 1992, the two-year limitations period commenced on that date. Plaintiff's contrasting posture is that, because final payment was not legally due until the end of 30 days, on January 20, 1993, the limitations period commenced on that date. The parties' difference focuses on the precise legal characterization of the 30-day period, which Fidelity would treat as a mere "grace period" and which plaintiff, pressing the distinction between the satisfaction of conditions precedent and the accrual of a right to compel payment, would depict as "a convenient designation of [the] time [following which] the obligation, already fully incurred and existing, should become matured and enforceable against [plaintiff]" (*Childs v Smith*, 46 NY 34, 38). Although it may be that the construction propounded by Fidelity is the more plausible of the two, the contract's 30-day payment "window" engenders no small measure of uncertainty on the question of when the final payment actually "falls due".

Under the circumstances, we cannot say that plaintiff's construction of the contract is unreasonable and, as quite properly contended by plaintiff, the applicable rules of construction operate very much in its favor. The law is well settled that "if an insurance contract is so drawn as to be equivocal, uncertain, or ambiguous and to require interpretation because fairly susceptible of two or more different, but sensible and reasonable, constructions, the one will be adopted which,

if consistent with the objects of the insurance, is most favorable to the insured" (69 NY Jur 2d, Insurance, § 715, at 111-112; *see, Tonkin v California Ins. Co.*, 294 NY 326, 328-329). In addition, it appears that the general rule of liberal construction in favor of the insured is to be applied most forcefully in the case of performance bonds, characterized as adhesion contracts whose provisions are to be strictly construed against the surety, particularly when the effect is to shorten the statutory limitations period for bringing an action on the bond (*Menorah Nursing Home v Zukov*, 153 AD2d 13, 20; *see, Comey v United Sur. Co.*, 217 NY 268, 277; *Wallbridge, Inc. v Aetna Cas. & Sur. Co.*, 103 AD2d 1010, 1011; *Timberline Elec. Supply Corp. v Insurance Co.*, 72 AD2d 905, 906, *affd* 52 NY2d 793). In view of the applicable standard, we are constrained to adopt plaintiff's construction of the performance bond and conclude that its action against Fidelity was not time barred.

We agree with Fidelity, however, that plaintiff's third cause of action, as pleaded in both the original complaint and the proposed amended complaint, states no cause of action against Fidelity. Because there is no cause of action for negligent performance of a contract, to the extent that Lynch's duties to plaintiff arise out of their contract, plaintiff may not recover in tort (*see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 389; *Quail Ridge Assocs. v Chemical Bank*, 162 AD2d 917, 919, *lv dismissed* 76 NY2d 936). Alternatively, to the extent it is alleged that Lynch owed plaintiff a duty independent of the contract, the breach of that duty would not implicate Fidelity's performance bond, which is expressly limited in scope to Lynch's performance under its contract with plaintiff. Under the circumstances, we conclude that Supreme Court did not err in dismissing the third cause of action and in denying plaintiff's motion to amend the complaint so as to replead it.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order and judgment are modified, on the law, without costs, by reversing so much thereof as granted defendant Fidelity and Deposit Company of Maryland's motion to dismiss the first cause of action of the complaint against it; motion denied to that extent; and, as so modified, affirmed.