East Aurora Coop. Mkt., Inc. v Red Brick Plaza LLC (2021 NY Slip Op 04806)





East Aurora Coop. Mkt., Inc. v Red Brick Plaza LLC


2021 NY Slip Op 04806


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


273 CA 20-00709

[*1]EAST AURORA COOPERATIVE MARKET, INC., PLAINTIFF-RESPONDENT-APPELLANT,
v
RED BRICK PLAZA LLC, DEFENDANT-APPELLANT-RESPONDENT. (APPEAL NO. 2.) 






HARRIS BEACH PLLC, BUFFALO (ALLISON B. FIUT OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT.
WEBSTER SZANYI LLP, BUFFALO (MICHAEL P. MCCLAREN OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Henry J. Nowak, J.), entered May 29, 2020. The order and judgment, inter alia, awarded plaintiff attorneys' fees. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: In 2014, plaintiff entered into a lease agreement (Lease) with defendant, the owner and landlord of a commercial building in East Aurora (Property). Plaintiff began renovating the Property, and the assessed value of the Property increased in 2016 and 2017. Defendant then applied for and obtained a business investment exemption for the Property based on the improvements made by plaintiff. The business investment exemption resulted in a reduction of defendant's property taxes over a 10-year period beginning in 2018.
In 2018, defendant sent invoices to plaintiff demanding payment within 15 days of amounts representing unpaid water bills and an increase in property taxes based on the reassessment of the Property in 2016. Plaintiff disputed the invoices and requested an explanation and documentation from defendant regarding its calculation of the amounts allegedly owed. Plaintiff thereafter commenced this action seeking, inter alia, declarations setting forth the parties' respective rights and obligations under the Lease with respect to the water charges in the invoice and with respect to any increase in property taxes resulting from the reassessment of the Property in 2016, and an award of interest, costs, attorneys' fees, and disbursements. Supreme Court granted plaintiff's subsequent application for an order pursuant to CPLR 6301 temporarily restraining defendant from, among other things, taking any action to collect payment on the invoices or to terminate plaintiff's tenancy in the Property and tolling the due date for payment of the invoices. The court also directed plaintiff to deposit funds to be held in escrow. Plaintiff paid the water bill invoice and deposited into escrow the amount in dispute after the water bill invoice was paid. Plaintiff thereafter moved to modify the temporary restraining order to permit plaintiff to use the escrowed funds to pay a portion of the property taxes owed, and defendant cross-moved for, inter alia, summary judgment in its favor on plaintiff's causes of action.
In appeal No. 1, defendant appeals from an order that, inter alia, calculated the amount of additional taxes owed by plaintiff, granted plaintiff's motion for disbursement of the funds held in escrow, denied defendant's cross motion for summary judgment, and determined that plaintiff was the prevailing party under the Lease. In appeal No. 2, defendant appeals from an order and judgment insofar as it granted plaintiff's application for attorneys' fees as the prevailing party under the Lease and denied defendant's cross motion seeking, among other things, leave to renew [*2]its opposition to the court's determination that plaintiff was the prevailing party, and plaintiff cross-appeals from the same order and judgment insofar as it denied that part of plaintiff's motion seeking a further award of attorneys' fees and costs.
Defendant contends on its appeal in appeal No. 1 that the court erred in calculating the 2018 County and Village taxes owed by plaintiff to defendant because it awarded plaintiff the benefit of a credit for the business investment exemption that had already been applied by the taxing authorities. Contrary to defendant's assertion, however, the court determined that plaintiff was not entitled under the terms of the Lease to a credit based on the decrease in property taxes owed by defendant arising from the business investment exemption. Pursuant to the terms of the Lease, plaintiff was responsible for any increase in taxes resulting from plaintiff's work on the Property. Because the taxable basis of the Property for the purpose of calculating County and Village taxes decreased significantly in 2018 based on the application of the business investment exemption, defendant was not required to pay any additional taxes as a result of plaintiff's work on the Property, and the court thus properly determined that plaintiff owed no additional taxes to defendant as a result of that work.
We also reject defendant's contention in appeal No. 1 that the court erred in determining that plaintiff was the "prevailing party" under the Lease, thereby entitling plaintiff to an award for reasonable attorneys' fees and costs. "In determining whether a party is a prevailing party, a fundamental consideration is whether that party has 'prevailed with respect to the central relief sought' " (Chainani v Lucchino, 94 AD3d 1492, 1494 [4th Dept 2012], quoting Nestor v McDowell, 81 NY2d 410, 416 [1993], rearg denied 82 NY2d 750 [1993]; see Leonard E. Riedl Constr., Inc. v Homeyer, 105 AD3d 1391, 1392 [4th Dept 2013]). "[S]uch a determination requires an initial consideration of the true scope of the dispute litigated, followed by a comparison of what was achieved within that scope" (Excelsior 57th Corp. v Winters, 227 AD2d 146, 147 [1st Dept 1996]; see Chainani, 94 AD3d at 1494).
Here, the court determined that plaintiff substantially prevailed in the litigation because defendant's invoice for additional property taxes contained multiple errors, the methodology used by defendant in calculating the amount owed by plaintiff was contrary to the terms of the Lease, and defendant utilized plaintiff's renovation work on the Property to effectively reduce the taxes and then sought to augment the benefit of that tax reduction by seeking reimbursement from plaintiff for taxes that defendant was not required to pay. Plaintiff obtained the relief it requested in the litigation, i.e., a declaration of its rights and obligations under the Lease, and the court substantially adopted plaintiff's formula in calculating the taxes owed.
Defendant contends on its appeal in appeal No. 2 that the court erred in granting plaintiff's application for attorneys' fees because plaintiff had not actually paid attorneys' fees. We reject that contention. The submissions of plaintiff's counsel, which included a pre-bill worksheet, establish that plaintiff incurred attorneys' fees in connection with the commenced proceeding, even if plaintiff had not yet paid those fees. Where, as here, there is no definition of the word "incur" in the contract, that word is to be afforded its ordinary meaning, i.e., to "become liable for" (Rubin v Empire Mut. Ins. Co., 25 NY2d 426, 429 [1969] [internal quotation marks omitted]).
We also reject defendant's alternative contention that the amount of attorneys' fees awarded to plaintiff is unreasonable. "In evaluating what constitutes . . . reasonable attorney[s'] fee[s], factors to be considered include the time and labor expended, the difficulty of the questions involved and the required skill to handle the problems presented, the attorney's experience, ability and reputation, the amount [of money] involved, the customary fee charged for such services, and the results obtained" (Matter of Dessauer, 96 AD3d 1560, 1561 [4th Dept 2012] [internal quotation marks omitted]; see A & M Global Mgt. Corp. v Northtown Urology Assoc., P.C., 115 AD3d 1283, 1290 [4th Dept 2014]). "[A] trial court is in the best position to determine those factors integral to fixing [attorneys'] fees . . . and, absent an abuse of discretion, the trial court's determination will not be disturbed" (A & M Global Mgt. Corp., 115 AD3d at 1290 [internal quotation marks omitted]; see Pelc v Berg, 68 AD3d 1672, 1673 [4th Dept 2009]). Here, we conclude that the court did not abuse its discretion in determining that the attorneys' fees awarded to plaintiff were reasonable given the complexity of the issues presented in defendant's cross motion (see Hinman v Jay's Vil. Chevrolet, 239 AD2d 748, 748-749 [3d Dept 1997]; see generally National Union Fire Ins. Co. of Pittsburgh, Pa. v Marangi, 214 AD2d 469, [*3]470 [1st Dept 1995]; Matter of Simmons [Government Empls. Ins. Co.], 59 AD2d 468, 472-473 [2d Dept 1977]).
Contrary to defendant's further contention on its appeal in appeal No. 2, the court did not abuse its discretion in denying defendant's cross motion insofar as it sought leave to renew based on the discovery of information concerning plaintiff's fee arrangement with counsel. Defendant failed to demonstrate the existence of material new facts inasmuch as its claims that plaintiff's counsel had a conflict of interest and that the conflict of interest negatively impacted defendant are based on speculation (see Caryl S. v Child & Adolescent Treatment Servs., 238 AD2d 953, 953 [4th Dept 1997]; Bethlehem Steel Corp. v United States Fid. & Guar. Co., 193 AD2d 1058, 1059 [4th Dept 1993]; see also Olmoz v Town of Fishkill, 258 AD2d 447, 447-448 [2d Dept 1999]).
Plaintiff contends on its cross appeal in appeal No. 2 that the court erred in declining to award it additional attorneys' fees, court costs, and other expenses as the prevailing party under the Lease. Initially, we reject defendant's contention that the law of the case doctrine applies to bar a further award (see Dazzo v Kilcullen, 127 AD3d 1126, 1127-1128 [2d Dept 2015]). Nevertheless, we conclude that the court did not abuse its discretion in awarding plaintiff attorneys' fees and costs with respect to the motions at issue in the order in appeal No. 1 but declining, based on equitable considerations, to award plaintiff additional attorneys' fees and expenses with respect to, inter alia, the motions at issue in the order and judgment in appeal No. 2 (see generally A & M Global Mgt. Corp., 115 AD3d at 1290). Although the court determined that plaintiff was the prevailing party under the Lease, the court further determined that most of the relief sought in the complaint had already been decided by the order at issue in appeal No. 1 or was moot, and that an award of additional attorneys' fees, costs, and expenses thus was not warranted. Finally, to the extent that the court did not rule on plaintiff's request for fees pursuant to 22 NYCRR 130-1.1, the court's failure to do so is deemed to be a denial (see Violet Realty, Inc. v Amigone, Sanchez & Mattrey, LLP, 183 AD3d 1278, 1280 [4th Dept 2020]), and we conclude that the court did not abuse its discretion in implicitly denying that request (see Matter of Bedworth-Holgado v Holgado, 85 AD3d 1589, 1590 [4th Dept 2011]).
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court