■ Timberline Electric Supply Corp., Respondent, v Insurance Company of North America, Appellant.—Order unanimously reversed, without costs, motion granted and complaint dismissed. Memorandum: This is an

appeal by Insurance Company of North America (I. N. A.) from an order at Special Term denying its motion for summary judgment. The Village of Seneca Falls hired L. R. Ward, Inc., to construct certain sewer improvements. Appellant I. N. A. provided the surety bond. Plaintiff-respondent Timberline Electric Supply Corp. (Timberline) supplied some of the materials that were used in the project. On March 31, 1976 Ward went bankrupt and abandoned the project. I. N. A. responded by hiring VDF Contracting, Inc., to replace Ward. The sewer extension was completed and accepted by the village on September 23, 1976. On September 19, 1977 Timberline commenced this suit by serving a summons and complaint on I. N. A. Subsequently, I. N. A. moved for summary judgment on the ground that the action was barred by an abbreviated Statute of Limitations contained in the suretyship contract. It is from the denial of this motion that I. N. A. appeals. The clause in issue states: "3. No suit or action shall be commenced hereunder by any claimant: a) * * * b) After the expiration of one (1) year following the date on which Principal ceased work on said Contract, it being understood, however, that if any limitation embodied in the bond is prohibited by any law controlling the construction hereof such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law." It is beyond dispute that Ward was the principal described in the contract, that he ceased work on March 31, 1976 and that this action was not commenced until almost 18 months after that date. Timberline contends, however, that it is not bound by the contractual, one-year limitation and, if it is so bound, that the period of limitation did not commence until September 23, 1976 when the project was completed. Neither argument is persuasive. Although the period of limitation for an action based on a contractual obligation is set by statute (CPLR 213), the parties may by written agreement establish a shorter period. Absent proof that the contract is one of adhesion or the product of overreaching, or that altered period is unreasonably short, the abbreviated period of limitation will be enforced (Planet Constr. Corp. v Board of Educ., 7 NY2d 381; Siegel, New York Practice, § 39). There being no such proof in this record the court must give effect to the intention of the parties and hold that the one-year period of limitation is valid and enforceable. Any right Timberline has under the suretyship agreement arises because of Timberline's status as a third-party beneficiary. As such Timberline is bound by the conditions and limitations created by the contract (2 Williston, Contracts [3d ed], § 364A; Restatement, Contracts, § 140). Thus, Timberline's right to a remedy depends on its being able to show that it commenced this action within the limitation period set forth in the suretyship contract; viz., within one year after the principal ceased work. Timberline admits that Ward is the principal named in the contract and the Ward ceased work on March 31, 1976. It is Timberline's contention, however, that because I. N. A. undertook to complete the project when Ward defaulted, I. N. A. became the "Principal" and the period limitation did not start to run until September 23, 1976 when I. N. A. ceased work on the project. A compensated, corporate surety such as I. N. A. is not a favorite of the law and its contract of suretyship will be construed in a manner most favorable to a claimant (see Simpson, Suretyship, § 30). Here, however, there is no ambiguity to resolve against the surety. It is the plain meaning of the contract that I. N. A. would be liable for claims against Ward provided the claims were brought within one year from the time Ward ceased work on the project. There is no reason in law or fact to hold that I. N. A. by providing for the completion of the project, extended its liability as Ward's surety beyond that stated in the

contract. Since Timberline's action was not timely brought summary judgment should have been granted for the appellant. (Appeal from order of Seneca Supreme Court—summary judgment.) Present—Cardamone, J. P., Schnepp, Callahan, Witmer and Moule, JJ.