■ JOHN JOHNSTON CONCRETE GUTTER CO., INC., Respondent, v AMERICAN EMPIRE INSURANCE COMPANY, Appellant. — Order unanimously reversed, with costs, and motion denied. Memorandum: Plaintiff commenced an action to recover under a labor and materials payment bond for work performed on a sewer construction job as a subcontractor for Wayne-Monroe Contracting, Inc. (Wayne-Monroe), the general contractor, under its sanitary and storm sewer and drainage service contract with Valpell Construction, Inc. (Valpell). Special Term granted plaintiff's motion to strike defendant's first and second affirmative defenses which allege that plaintiff has not complied with subdivision (a) of paragraph (3) of the bond by commencing the action within one year from the time Wayne-Monroe ceased work on the job. This was error. There is no ambiguity in the bond which clearly identifies Wayne-Monroe as principal and Valpell as obligee and refers to the contract for site improvements in Webster, New York, between Wayne-Monroe and Valpell in the amount of $258,871.25. Plaintiff, as a third-party beneficiary, is bound by the terms of the bond (see *Timberline Elec. Supply Corp. v Insurance Co. of North Amer.,* 72 AD2d 905, affd 52 NY2d 793), and there is no merit to its contention that, because it was ignorant of the terms including the one-year limitation, it should be exempt therefrom. That the payment bond was mistakenly written on a form which identified the principal, Wayne-Monroe, as subcontractor rather than general contractor, and the obligee, Valpell, as general

contractor rather than owner, is irrelevant. There was no possibility of any misunderstanding with respect to the identification of the parties as principal, obligee and surety, or of the specific contract covered by the bond, or pertaining to the rights ʟand duties of the parties thereunder. Plaintiff, a labor and materialman under a subcontract with the principal, alleges that it did not know of the existence of the bond and cannot claim to have been misled by its terms. (Appeal from order of Monroe Supreme Court — dismiss defenses.) Present — Dillon, P.J., Simons, Hancock, Jr., Doerr and Moule, JJ.