■ WAYNE DRILLING & BLASTING, INC., Respondent, v FELIX INDUSTRIES, INC., Appellant, et al., Defendants.—In an action to recover damages for breach of a construction contract, the defendant Felix Industries, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Sullivan County (Kahn, J.), dated August 22, 1985, as denied that branch of its motion which was to dismiss the complaint insofar as it is asserted against it pursuant to CPLR 3211 (a) (5) on the ground that the action was time barred by a contractual Statute of Limitations. This appeal was transferred to this court by order of the Appellate Division, Third Department.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion of the defendant Felix Industries, Inc., pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as it is asserted against it is granted, and the plaintiff's action against the remaining defendants is severed.

Pursuant to paragraph 31 of an agreement entered into

between the plaintiff, as subcontractor, and the defendant Felix Industries, Inc. (hereinafter Felix), as the general contractor for the construction of the West Point Jewish Chapel, the subcontractor was required to commence any lawsuit arising under the subcontract within 90 days of the completion of its work. The plaintiff's counsel conceded that the plaintiff's work under the subcontract was completed on or about July 10, 1983. In its complaint, the plaintiff sought damages for the contract amount with interest thereon from July 10, 1983. At another point in the record, counsel conceded that all work on the subcontract was completed prior to June 11, 1984. The instant action was not commenced until on or about April 12, 1985.

CPLR 201 recognizes the right of parties to a contract to provide, by written agreement, for a shorter time for commencement of an action than that prescribed by statute. "Absent proof that the contract is one of adhesion or the product of overreaching, or that [the] altered period is unreasonably short, the abbreviated period of limitation will be enforced" *(Timberline Elec. Supply Corp. v Insurance Co.,* 72 AD2d 905, 906, *affd* 52 NY2d 793; *accord,* Siegel, NY Prac § 39). Where the party against whom an abbreviated Statute of Limitations is sought to be enforced has demonstrated no duress, fraud or misrepresentation in regard to his agreement to the shortened period, it must be assumed that the term was voluntarily agreed to *(Snyder v Gallagher Truck Center,* 89 AD2d 705, 706, *lv denied* 57 NY2d 609).

A review of the record reveals that the plaintiff failed to present any proof that the plain language of the provision was vitiated by Felix's improper conduct. Absent such proof, Special Term erred in failing to give effect to the intention of the parties by holding the 90-day period valid and enforceable. Accordingly, the action is dismissed as against Felix pursuant to CPLR 3211 (a) (5). Mollen, P. J., Thompson, Weinstein and Rubin, JJ., concur.