■ DIANA JEWELERS OF LIVERPOOL, INC., et al., Appellants, v A.D.T. COMPANY, INC., Respondent.—Order unanimously affirmed without costs. Memorandum: Plaintiffs contend that Special Term erred in granting defendant's motion for summary judgment on the ground that the action was barred by the parties' contractual period of limitation. They assert that the one-year period of limitation for commencing suit provided in the contract is void as contrary to public policy because the complaint alleges willful or gross negligence. We disagree. The contractual shortening of the Statute of Limitations does not, as plaintiffs allege, limit a party's liability *(cf., Arell's Fine*

*Jewelers v Honeywell, Inc.,* 147 AD2d 922, 923). Rather, it serves the same general purpose as all Statutes of Limitation, i.e., the prompt resolution of disputes while the evidence is still fresh and available. Further, a reasonable contractual shortening of the period of limitations is statutorily authorized *(see,* CPLR 201) and, absent a showing of fraud, duress or misrepresentation, will be upheld *(see, Wayne Drilling & Blasting v Felix Indus.,* 129 AD2d 633, 634). We find that the period of limitation was not unreasonable *(see, Soviero Bros. Contr. Corp. v City of New York,* 286 App Div 435, *affd* 2 NY2d 924) and that plaintiffs have failed to demonstrate any fraud, duress or misrepresentation regarding the agreement to shorten the period of limitation. We, therefore, find no basis to relieve plaintiffs of their contract *(see, Wayne Drilling & Blasting v Felix Indus., supra; see also, Florence v Merchants Cent. Alarm Co.,* 51 NY2d 793, 795). (Appeal from order of Supreme Court, Onondaga County, Mordue, J.—dismiss complaint.) Present—Doerr, J. P., Denman, Boomer, Pine and Lawton, JJ.