■ PAR FAIT ORIGINALS et al., Appellants, v ADT SECURITY SYSTEMS, NORTHEAST, INC., Respondent.—Order of the Supreme Court, New York County (Burton S. Sherman, J.), entered on November 21, 1991, which granted defendant's motion to dismiss the complaint, and the judgment entered thereon on December 2, 1991, is unanimously affirmed, with costs and disbursements.

The Supreme Court properly found that the document dated May 31, 1989, relied upon by defendant, was a new contract between the parties and that the one-year statute of limitations contained therein is enforceable *(Diana Jewelers v A.D.T. Co.,* 167 AD2d 965; CPLR 201). There is also no merit to plaintiffs' claim that since they were unaware of the contract at the time of the loss and were awaiting a copy from defendant before commencing this action, defendant should be equitably estopped from asserting the contractual one-year limitations period. As noted by the Supreme Court, equitable estoppel requires justifiable reliance not present here *(Dunefsky v Montefiore Hosp. Med. Ctr.,* 162 AD2d 300), and, in any event, a party who signs a document is conclusively bound by its terms absent a valid excuse for having failed to read it *(Gillman v Chase Manhattan Bank,* 73 NY2d 1).

Finally, plaintiffs contend that the limitations clause is not applicable due to defendant's gross negligence in not notifying the police and/or dispatching its own investigator to the site of the burglary. While it is true that under the public policy of this State, "a party may not insulate itself from damages caused by grossly negligent conduct" *(Sommer v Federal Signal Corp.,* 79 NY2d 540, 554), this does not mean that the parties to a contract may not agree to be bound by a shortened statute of limitations for all claims, including those involving gross negligence *(see, Gutter Furs v Jewelers Protection Servs.,* 79 NY2d 1027, which held enforceable contractual exculpatory and limitation of liability provisions where the allegations of gross negligence therein were deemed insufficient to raise an issue of fact as to whether defendant performed its duties with reckless indifference to plaintiff's rights). Concur—Sullivan, J. P., Milonas, Rosenberger, Wallach and Ross, JJ.