■ WILLIAM C. RUDIN et al., Respondents, v FILIP M. DISANZA, Appellant. [608 NYS2d 216] —Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered April 20, 1993, which denied the defendant's motion dismissing the complaint pursuant to, *inter alia,* CPLR 3211 (a) (5) for failure to commence the action within the period of limitations specified in the parties' contract, unanimously reversed on the law and

the facts, without costs, the defendant's motion is granted, the complaint is dismissed, and the clerk is directed to enter a judgment accordingly.

Plaintiffs, purchasers of a cooperative apartment from the defendant, sought to commence this action for breach of contract and fraud by instructing a process server to complete service on the defendant no later than February 7, 1992. The provision, numbered paragraph 35, upon which the plaintiffs based their causes of action appears in a rider to the contract of sale drafted by the plaintiffs' counsel. Therein, the defendant as seller, *inter alia,* warranted that he did not make any alterations or additions to the unit in contravention of the by-laws of the cooperative, any other agreements with same or other applicable laws. It was provided that the provisions of paragraph 35 "shall survive, as provided in paragraph 4.3" of the contract. Paragraph 4.3 provided that the "representations and covenants contained in Par. 4.1 shall survive Closing, but any action based thereon must be instituted within 1 year from Closing". The parties closed on the sale of the cooperative apartment on February 8, 1991.

It is not disputed that the process server delivered a copy of the summons and complaint on February 7, 1992, to a Ms. Daniels, the receptionist in the suite of offices in which defendant's corporation sublet space. At some time thereafter the process server mailed a second copy of the summons and complaint to defendant at his last known residence. No postage was placed on the envelope; however, the defendant acknowledged that he received the papers on February 20, 1992. The envelope bore a postmark dated February 18, 1992. The Referee who presided over the traverse concluded that the second set of papers was deposited in the mail on or shortly before February 18, 1992.

It is well settled that parties may contractually agree to shorten the applicable period of limitations (CPLR 201; *Kassner & Co. v City of New York,* 46 NY2d 544, 551). Contrary to the finding reached by the IAS Court, the record demonstrates that the one year period of limitation contained in paragraph 35 of the rider to the contract, was negotiated by the parties. Moreover, plaintiffs do not dispute that their attorney drafted the rider. Consequently, we find the one year period of limitations enforceable *(cf., Top Quality Wood Work Corp. v City of New York,* 191 AD2d 264; *Kassner & Co. v City of New York, supra).*

It is not disputed that the second set of papers was mailed

beyond the one year limitations period provided for in the parties' contract. While the mailing may have occurred within the 20 day time period of CPLR 308 (2), we have held that the completion of one of two steps required by CPLR 308 (2) (delivery and mailing) does not toll the applicable limitations period *(Donohue v Schwartz,* 174 AD2d 318). While the determination in *Donohue v Schwartz (supra)* was made with reference to CPLR 308 (2) as it existed prior to its amendment effective January 1, 1989, the amendment simply added the requirement that delivery and mailing of process had to occur within 20 days of each other and that either may occur first. Neither the amendment itself nor its legislative history indicate that it was meant to have any effect on the Statute of Limitations *(see, Spratt v Spratt,* 154 Misc 2d 360). Without passing on whether the actual receipt of process mailed without postage is effective, we conclude that even if properly mailed, service was not effected within the contractually agreed upon one year limitations period.

We have reviewed the other arguments raised by the parties and have found them to be meritless. Concur—Sullivan, J. P., Rosenberger, Kupferman and Ross, JJ.