■ I. Walter Munzer et al., Respondents, v St. Paul Fire and Marine Insurance Company et al., Appellants, et al., Defendant. [610 NYS2d 389] —Weiss, J. Appeal from an order of the Supreme Court (Viscardi, J.), entered July 20, 1993 in Warren County, which denied a motion by defendants St. Paul Fire and Marine Insurance Company and St. Paul Mercury Insurance Company for partial summary judgment and declared that Vermont law applies to this action.

The underlying nature of this action to declare rights and liabilities under policies of general liability insurance has been accurately set forth in the parties' prior appeal (145 AD2d 193). The same issues are again before us for resolution. Defendants St. Paul Fire and Marine Insurance Company and St. Paul Mercury Insurance Company (hereinafter collectively referred to as St. Paul) have again moved for partial summary

judgment to determine whether New York or Vermont law governs the formation of the insurance policies (supra, at 200-201), the prior motion having been denied on this point because of the lack of evidence to satisfactorily support either side (supra, at 201). Finding most significant contacts to be with Vermont, Supreme Court held that Vermont law was applicable on jurisdictional and choice of law issues. St. Paul has appealed.

St. Paul contends it has demonstrated that sufficient contacts exist to support the conclusion that New York law applies to the formation of the policy and suggests that the court sitting in the position of a risk underwriter could come to no other conclusion. We disagree and affirm.

In determining the law to apply to the formation of the insurance contract, St. Paul, as movant, has presumably set forth all relevant evidence of the parties' New York contacts. Those New York contacts are at best limited. St. Paul insured a corporation, plaintiff Chase Instruments Corporation (hereinafter the corporation), its four subsidiaries and its two principal officers, which for all relevant time periods maintained their principal place of business in Poultney, Vermont. The center of Poultney is about one mile from the New York border and a town in New York where the corporation maintained an unheated warehouse for the storage of packaging materials. The two principal officers covered by the terms of the policy also lived in New York.

The policies were procured through a New York insurance broker from St. Paul's New York office. The broker, however, went to plaintiffs' plant in Vermont each year to review the policies before renewal. The policies were mailed to plaintiffs in Vermont and, in turn, premiums were paid out of plaintiffs' Vermont bank account. St. Paul is a Minnesota corporation with a principal place of business in Minnesota. Chase and one of its subsidiaries are New York corporations.* Additionally, in 1981 and 1982, the policies provided limited form vendors insurance to 45 of plaintiffs' named vendors, including six in California, six in Illinois, six in New York and five in Pennsylvania. The identity and headquarter locations of these distributors reflect a diverse nationwide distribution system for plaintiffs' products, but fail to suggest a particular concen-

* Prior to 1973, Chase had its principal place of business on Long Island in New York. In 1984 it closed its Vermont facilities and relocated to Warren County. During the subject time period, however, the packaging material storage warehouse was the corporation's only New York operation.

tration of contacts or risks in any one specific jurisdiction. Even in the aggregate, the addresses of the vendors named as additional insureds on certificates of insurance of limited form vendors insurance create only a tenuous connection to New York. While these locations suggest a broad base of coverage, St. Paul has studiously avoided placing in the record the specific risk and underwriting factors actually considered and the weight placed upon those factors at the time the policy was initially issued and thereafter renewed annually. It is clear that the nature of plaintiffs' corporate presence in Vermont, which predated its policies, was fully known by St. Paul.

We apply a choice of law theory known as the "center of gravity" or "grouping of contacts" test (see, Matter of Allstate Ins. Co. [Stolarz—N. J. Mfrs. Ins. Co.], 81 NY2d 219, 226). New York has accepted a grouping of contacts approach in actions involving contracts, giving to the place having the most interest in the problems paramount control over the legal issues arising out of the contracts. This methodology applies the policy of the jurisdiction most intimately concerned with the outcome of the case at issue (Auten v Auten, 308 NY 155, 161). The underlying claim here, financial responsibility for mercury pollution in Poultney, Vermont, is related to postevent remedies (see, Cooney v Osgood Mach., 81 NY2d 66, 72; Schultz v Boy Scouts, 65 NY2d 189, 197-199; Babcock v Jackson, 12 NY2d 473, 483). We recognize that "[t]raditionally, New York courts resolved choice of law conflicts in tort cases by applying the law of the place of the alleged wrong (the lex loci delicti rule)" (Reale v Herco, Inc., 183 AD2d 163, 165). However, this is not a tort case and lex loci delicti does not play a significant role in the grouping of contacts rule (see, Matter of Allstate Ins. Co. [Stolarz—N. J. Mfrs. Ins. Co., supra, at 225). Here, St. Paul insured a Vermont based business. The significant contacts theory, when considered in light of the reality of this primary factor, plainly reveals that this dispute centers on Vermont (see, supra, at 227). That the underlying event occurred in Vermont reflects the extended corporate presence and corporate operations in that State.

New York, on the other hand, lacks a significant nexus to the insurance policy dispute and clearly lacks any significant public policy interest in what is essentially a Vermont problem. Supreme Court did not err in declaring that the law of Vermont is the applicable law to be applied to the St. Paul insurance policy and in denying St. Paul's motion for summary judgment.

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the order is affirmed, with costs.