■ PAUL I. KROHN, Appellant, v FELIX INDUSTRIES, INC., et al., Respondents. [641 NYS2d 77] —In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Feinberg, J.), dated January 10, 1995, which granted the defendants' motion to dismiss the first and fourth causes of action in the complaint on the ground that they are barred by the time limitation for commencing an action set forth in the parties' contract.

Ordered that the order is affirmed, with costs.

It is well settled that parties to a contract may agree to limit the period in which an action must be commenced to a shorter time than that otherwise provided by the applicable Statute of Limitations. In Wayne Drilling & Blasting v Felix Indus. (129 AD2d 633, 634), a case involving one of the defendants in this case and an identical 90-day contractual period of limitations, this Court held: "CPLR 201 recognizes the right of parties to a contract to provide, by written agreement, for a shorter time for commencement of an action than that prescribed by statute. 'Absent proof that the contract is one of adhesion or the product of overreaching, or that [the] altered period is unreasonably short, the abbreviated period of limitation will be enforced' (Timberline Elec. Supply Corp. v Insurance Co., 72 AD2d 905, 906, affd 52 NY2d 793; accord, Siegel, NY Prac § 39). Where the party against whom an abbreviated Statute of Limitations is sought to be enforced has demonstrated no duress, fraud or misrepresentation in regard to his agreement to the shortened period, it must be assumed that the term was voluntarily agreed to (Snyder v Gallagher Truck Center, 89 AD2d 705, 706 * * *)."

In the instant case, the 90-day period of limitations freely agreed to by the parties was not shown to be involuntary or unreasonable under the facts presented (see, Wayne Drilling & Blasting v Felix Indus., supra, at 634). Furthermore, the plaintiff did not timely commence the first and fourth causes of action in the complaint within the two-year period available to him as a result of a bankruptcy petition (see, 11 USC § 108 [a]; Matter of Phillip, 948 F2d 985). Accordingly, the Supreme Court properly granted the defendants' motion to dismiss the first and fourth causes of action.

The plaintiff's remaining contentions are unpreserved for appellate review (*see, Sher v Allied Bayview Corp.,* 207 AD2d 536; *Pellic Dev. Corp. v Whitestone Equities Farmingdale Corp.,* 199 AD2d 483) and, in any event, without merit. O'Brien, J. P., Ritter, Hart and Goldstein, JJ., concur.