■ In the Matter of INCORPORATED VILLAGE OF SALTAIRE, Appellant, v MICHAEL D. ZAGATA et al., Respondents. [720 NYS2d 200] —In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the respondent New York State Department of Environmental Conservation dated July 27, 1995, that the subject property is not exempt from regulations concerning freshwater wetlands, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Cannavo, J.), entered September 17, 1999, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Parties to a contract may agree to limit the period of time within which an action must be commenced to a shorter period than that provided by the applicable Statute of Limitations (see, CPLR 201; Kassner & Co. v City of New York, 46 NY2d 544; Certified Fence Corp. v Felix Indus., 260 AD2d 338; Krohn v Felix Indus., 226 AD2d 506; Wayne Drilling & Blasting v Felix Indus., 129 AD2d 633). "Absent proof that the contract is one of adhesion or the product of overreaching, or that [the]

altered period is unreasonably short, the abbreviated period of limitation will be enforced" (*Timberline Elec. Supply Corp. v Insurance Co.*, 72 AD2d 905, 906, *affd* 52 NY2d 793; *see, Wayne Drilling & Blasting v Felix Indus., supra*, at 634). Where the party against which an abbreviated Statute of Limitations is sought to be enforced does not demonstrate duress, fraud, or misrepresentation in regard to its agreement to the shortened period, it is assumed that the term was voluntarily agreed to (*see, Krohn v Felix Indus., supra*, at 506; *Wayne Drilling & Blasting v Felix Indus., supra*, at 634; *Snyder v Gallagher Truck Ctr.*, 89 AD2d 705, 706).

The parties entered into a stipulation which provided for a 90-day period of limitations. This was freely agreed to by the parties, and was not shown to be involuntary or unreasonable under the circumstances (*see, Krohn v Felix Indus., supra*, at 506; *Wayne Drilling & Blasting v Felix Indus., supra*, at 634). A stipulation is a contract between parties (*see, Pekofsky v Nanuet Auto Parts*, 210 AD2d 208). Accordingly, the Supreme Court properly dismissed the proceeding.

In light of our determination, we need not reach the petitioner's remaining contentions. O'Brien, J. P., Friedmann, Goldstein and H. Miller, JJ., concur.