[758 NYS2d 345]

In the Matter of the Estate of JEAN I. STRALEM, Deceased.
ROBIN B. MAKI, Appellant; LYNN STRALEM, Respondent.

Second Department, March 31, 2003

**APPEARANCES OF COUNSEL**

*Joseph Fallek, P.C.*, New York City (*Andrew Fallek* of counsel), for appellant.

*Pillsbury Winthrop, LLP*, New York City (*David G. Keyko, Daniel J. McSwiggan, Anne C. Bederka* and *Joanne Butler* of counsel), for respondent.

**OPINION OF THE COURT**

FRIEDMANN, J.

At issue on appeal in the instant proceeding to settle the account of the trustees of a trust is whether the Surrogate's Court correctly determined that a note and mortgage executed by the petitioner Robin Becker Maki are assets of the trust which is the subject of this proceeding, and that the petitioner is responsible for the debt owed to the trust. We conclude that the Surrogate's Court was correct, and therefore, affirm the order insofar as appealed from.

The petitioner is the granddaughter of the decedent Jean I. Stralem. In March 1989, the decedent loaned the petitioner $76,500 for the purchase of certain real property located in Brookville, Nassau County (hereinafter the Brookville property). The petitioner signed a nonnegotiable note, payable to the decedent, which provided that the principal balance of the loan was due upon the earlier of (1) the sale of the property, (2) eight months after the decedent's death, or (3) the 15th anniversary of the date of the note. Subsequently, the amount of the loan covered by the note was increased to $600,000, and in April 1989, the petitioner executed a mortgage on the Brookville property in favor of the decedent to secure the debt under the note.

Several months later, in August 1989, the decedent created a revocable trust known as Park Avenue Partners Trust II (hereinafter PAP II), the accounting of which is the subject of the instant proceeding. Originally, the decedent and the petitioner were appointed as trustees. In February 1990, the decedent amended PAP II, and added two additional trustees. On July 30, 1990, the decedent assigned the mortgage on the Brookville property, "together with the note or obligation described in or secured by said mortgage," to PAP II. On April 28, 1994, the decedent amended PAP II for the ninth time, and, at that point, it became an irrevocable trust.

On or about April 6, 1994, the petitioner sold the Brookville property, and therefore, pursuant to its terms, the note became due and payable. The petitioner, however, did not repay the $600,000 loan to PAP II. Nor did the trustees of PAP II demand repayment of the note.

On December 20, 1994, the decedent died, and her last will and testament, dated May 9, 1991, along with two codicils,

were eventually offered for probate. Insofar as is relevant to the instant appeal, the will contained a provision whereby the decedent forgave any amount owed to her at her death by, among others, the petitioner.

In or about October 1995, the trustees of the PAP II trust filed a petition in Surrogate's Court, Nassau County, seeking judicial settlement of the account of the trust and a determination of its validity. Various objections were interposed by different interested parties. The ensuing litigation resulted in a stipulation of settlement which left several issues, including whether the note and mortgage executed by the petitioner are assets of PAP II, for the Surrogate's Court to determine. Based upon a decision of the Surrogate's Court, Nassau County (Radigan, S.), dated December 28, 2000, an order of the same court (Riordan, S.), dated January 24, 2001, directed, inter alia, that both the mortgage and the note are assets of the PAP II trust.

The Surrogate's Court correctly determined that the note and mortgage are assets of PAP II, and that the petitioner is indebted to PAP II for the amount of the note, plus interest. As stated above, when the decedent assigned the mortgage on the Brookville property to PAP II, she also assigned "the note or obligation described in or secured by said mortgage" to PAP II.

"An assignment is a transfer or setting over of property, or of some right or interest therein, from one person to another, and unless in some way qualified, it is properly the transfer of one whole interest in an estate, or chattel, or other thing" (*Griffey v New York Cent. Ins. Co.,* 100 NY 417, 422 [1885]; *see Aini v Sun Taiyang Co., Ltd.,* 964 F Supp 762, 778 [SD NY 1997], *affd sub nom. Topiclear Beauty v Sun Taiyang Co., Ltd.,* 159 F3d 1348 [1998]). Under New York law, contracts are freely assignable absent language which expressly prohibits assignment (*see Allhusen v Caristo Constr. Corp.,* 303 NY 446 [1952]; *Sullivan v International Fid. Ins. Co.,* 96 AD2d 555, 556 [1983]; *Matter of S & L Vending Corp. v 52 Thompkins Ave. Rest.,* 26 AD2d 935 [1966]; *see also Melino v National Grange Mut. Ins. Co.,* 213 AD2d 86, 88 [1995]). It is well settled that "[n]o particular words are necessary to effect an assignment; it is only required that there be a perfected transaction between the assignor and assignee, intended by those parties to vest in the assignee a present right in the things assigned" (*Leon v Martinez,* 84 NY2d 83, 88 [1994]; *see Mele v Travers,* 293 AD2d 950 [2002]; *Tawil v Finkelstein Bruckman Wohl Most & Rothman,* 223 AD2d 52, 55 [1996]; *Whalen v Gerzof,* 206 AD2d 688, 690 [1994]; *Coastal Commercial Corp. v Kosoff & Sons,* 10 AD2d

372, 376 [1960]; *Property Asset Mgt., Inc. v Chicago Tit. Ins. Co., Inc.*, 173 F3d 84, 87 [2d Cir 1999]). In order for an assignment to be valid, the assignor must be "divested of all control over the thing assigned" (*Coastal Commercial Corp. v Kosoff & Sons, supra* at 376; *see Matter of Jordan,* 199 AD2d 998 [1993] [the correct test to determine the validity of an assignment is whether the assignor intended to transfer some present interest]; *see also Miller v Wells Fargo Bank Intl. Corp.,* 540 F2d 548, 557-558 [2d Cir 1976]). When a valid assignment is made, the assignee steps into the assignor's shoes and acquires whatever rights the latter had (*see Furlong v Shalala,* 156 F3d 384, 392 [2d Cir 1998]).

Applying the foregoing to the facts of the instant case, it is clear that the decedent effectively assigned her interest not only in the mortgage on the property, but her interest in the underlying note as well, to the PAP II trust. Having done so, the decedent could not thereafter forgive the amount which the petitioner owed under the note, and her attempt to do so in her will was ineffective (*see Matter of White,* 16 Misc 2d 645 [1959]). Furthermore, contrary to the petitioner's argument on appeal, the decedent's failure to endorse the note itself over to the PAP II trust does not mean that the note was never assigned to the PAP II trust. The language of the assignment executed by the decedent could not have been more clear. As noted above, the decedent assigned the mortgage on the property, "together with the note or obligation described in or secured by said mortgage" to PAP II.

The petitioner's remaining arguments are either unpreserved for appellate review or without merit.

Accordingly, the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision, and the order is affirmed insofar as appealed from, with costs.

SMITH, J.P., GOLDSTEIN and McGINITY, JJ., concur.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v Green Constr. Corp.,* 100 AD2d 509 [1984]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.