CAB Associates, Respondent, v City of New York et al., Appellants. [820 NYS2d 21]—

Order, Supreme Court, New York County (Faviola A. Soto, J.), entered February 15, 2005, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Defendants contend that plaintiff's claim for delay damages accrued when the work to be performed under the contract was substantially completed and that this action is untimely because it was commenced more than six years after such time. Plaintiff argues that it claimed the disputed delay damages in connection with an application to extend the time to complete performance under the contract and that defendants never determined such claim. Thus, it asserts, the contractual four-month statute of limitations for disputing the determination never began to run.

Plaintiff entered into an agreement with the Department of Transportation of the City of New York (DOT) to perform reconstruction work on three New York City bridges at a contract price of $3,262,756.40, to be completed by March 9, 1996. At plaintiff's request, the completion date was extended

to November 1997, allegedly due to delays attributable to the City. In mid-November, DOT informed plaintiff that a final inspection of its work would be made on November 25, 1997. It is undisputed that a final inspection was performed on or about that date.

Plaintiff's request for an extension of time to complete performance, which was last revised on November 21, 2001, was made pursuant to chapter III of the contract, entitled "Time Provisions." Article 13 (H) of chapter III recites, "The Contractor agrees to make no claim for damages for delay . . . and agrees that any such claim shall be fully compensated for by an extension of time to complete performance of the work as provided herein." This language notwithstanding, plaintiff included a bill of particulars with its request specifying the damages alleged to have resulted from the City's delay. The request was approved on May 9, 2002. The approval letter states, "In consideration of being granted this extension of time, the contractor agrees to waive all claims he may have arising from this contract except the items of claims which the contractor reserve[d] and are set forth in the attached Bill of Particulars."

Subsequently, on November 13, 2002, plaintiff sent the approved request for extension of time, bill of particulars and other documents to the City Comptroller requesting "review, investigation and possible adjustment to our contract price as described in Article 27 of our contract." The Comptroller acknowledged receipt of the documents and assigned a number to the claim. Over a year later, plaintiff inquired as to the status of the Comptroller's investigation and, on July 30, 2004, commenced this action after allegedly being informed that the Comptroller's office would not accord any priority to the claim in the absence of pending litigation.

Defendants made a pre-answer motion to dismiss the complaint (CPLR 3211 [a] [1], [2], [5], [7]) asserting that plaintiff's eighth cause of action for disputed work was subject to the mandatory dispute resolution procedures contained in article 27 of the contract and that the remainder of the action was untimely, whether governed by the four-month period of limitations set forth in article 53 of the parties' agreement or by the six-year contract period of limitations of CPLR 213 (2). They reasoned that the accrual date for all claims by a contractor against the City is the date of substantial completion of the work (*Phillips Constr. Co. v City of New York*, 61 NY2d 949, 953 [1984]), defined under the contract as the date of the final inspection. Thus, defendants concluded that this action, commenced some six years and eight months thereafter, is time-barred.

Plaintiff argued that its claims should be deemed timely because it had provided the City Comptroller with its bill of particulars setting forth the injuries sustained due to defendants' delay, receipt of which was duly acknowledged. Plaintiff alleged that it made numerous inquiries regarding the status of its claim and that defendants should be estopped to assert the statute of limitations because their conduct lulled plaintiff into taking no action to commence suit.

Supreme Court agreed with plaintiff, stating that "the arguments raise factual issues that go beyond the scope of this motion to dismiss." The court denied the motion except as to plaintiff's eighth cause of action, which was severed and dismissed.

On appeal, the parties advance the same arguments as on the motion. They do not dispute that plaintiff's eighth cause of action is subject to alternate dispute resolution pursuant to article 27 of the contract.

Defendants' contention that delay damages accrued on the date work under the contract was substantially completed must be rejected. Article 42 of the parties' agreement provides that "[t]he Contractor must submit a final verified statement of any and all alleged claims against the City" in connection with the computation of the final payment due under the contract. It further provides that "if the alleged claim be one for delay," the contractor must supply the same details required in a request for an extension of time to complete the work. Thus, the documentation previously provided by plaintiff with such an application meets the notice requirements of article 42.

Generally, an "action accrues when the right to final payment becomes unconditional" (*Phillips*, 61 NY2d at 952-953). In *Phillips*, the Court of Appeals found that, upon substantial completion of the work, the plaintiff's injuries due to delay damages "were complete, and plaintiff could have sued that very day" (*id.* at 953). The contract at bar, however, makes a distinction between the payment due upon *substantial* completion of the work and the payment to be made upon *final* completion of the work. The contract clearly contemplates that a delay claim may be filed as late as the time when the contractor submits documentation in conjunction with DOT's preparation of the final payment voucher.

The delay damages sought by plaintiff were set forth in the bill of particulars submitted to DOT on November 21, 2001 in support of plaintiff's request for an extension of time to complete the project. The cause of any delay attributed to the City is unknown since the bill of particulars is not included in

the record. In any event, plaintiff's request for an extension was approved on May 9, 2002. While any claims asserted in the bill of particulars were expressly excluded from the contract's waiver provision by DOT's approval letter, the record contains no evidence that plaintiff ever sought adjudication of such claims. The November 2002 claim filed with the Comptroller was brought pursuant to article 27 of the contract and did not serve to advance a claim for delay damages. The explicit reference to article 27 in the notice indicates that alternative dispute resolution was being sought. This procedural device is limited by the parties' agreement to claims arising out of disputed work, a category that does not include delay damages (*see Gemma Constr. Co. v City of New York*, 246 AD2d 451, 453 [1998]).

Article 53 of the parties' agreement provides: ''No action shall lie or be maintained against the City by the Contractor upon any claims based upon this Agreement unless such action be commenced within four (4) months after the date of filing in the Office of the Comptroller of the City of the certificate for the final payment hereunder, or within four (4) months of the termination or conclusion of this Agreement, or within four (4) months after the accrual of the Cause of Action, whichever first occurs.'' The parties to a contract may provide for a shorter period of limitations than that provided in CPLR article 2 (CPLR 201). As pertinent to the facts herein, plaintiff was required to submit its claim within four months after accrual.

It is apparent that the damages plaintiff seeks to litigate were ascertainable by November 21, 2001, when plaintiff made its final application for an extension of time. It is also clear that defendants had taken no action on those claims as of May 2002, when plaintiff's application was granted. Assuming that plaintiff's claim for delay damages accrued upon its implicit denial at such time, rather than the date damages became ascertainable, the contract gave plaintiff only four months to bring an action, and this lawsuit, commenced in July 2004, is clearly untimely. Concur—Tom, J.P., Friedman, Sullivan, Gonzalez and McGuire, JJ.